## Logan v. Upper Moreland Township

*Hankin, Hankin & Shanken,* for plaintiff.

*High, Swartz, Flynn & Roberts,* for defendant.

KNIGHT, P. J., October 13, 1950.—Seeking to test the legality of an amendment to the zoning ordinance of the Township of Upper Moreland, plaintiff, on May 10, 1950, filed a petition for a declaratory judgment. Defendant township filed an answer raising questions of law.

The answer avers: "1. That the Court of Common Pleas of Montgomery County, Pa., has no jurisdiction to determine the validity of Ordinance No. 190 adopted April 10, 1950, by the Township of Upper Moreland, since the determination of the validity of a municipal ordinance is vested in the court of quarter sessions under the Act of May 27, 1949, P. L. 1955, sec. 31.

"2. That the Court of Common Pleas of Montgomery County has no jurisdiction to grant or hear a declaratory judgment involving the validity of a zoning ordinance inasmuch as the only remedy available to your petitioner is either by an appeal to the court of quarter sessions of the peace or under the remedy provided by the Zoning Acts."

There is merit in these objections. By the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §19092-1502, any aggrieved person may, upon entering a bond, file a complaint in the court of quarter sessions to test the legality of any ordinance enacted by the commissioners of a first class township. Upper Moreland is a first class township.

The act above referred to provides a complete and adequate method of testing the legality of the ordi-

nance in question. We are, therefore, of the opinion, that the common pleas court has no jurisdiction.

A petition was presented by plaintiff, asking this court to transfer the case to the quarter sessions, to be there treated as an appeal as provided by the Act of May 27, 1949, supra.

We are this day handing down an order and opinion refusing the prayer of the petition to transfer the case to the quarter sessions. In that opinion, the facts are more fully set forth.

And now, October 13, 1950, the preliminary objections are sustained, and the petition for a declaratory judgment is dismissed.

OPINION SUR RULE TO TRANSFER CASE FROM THE COMMON PLEAS COURT TO THE QUARTER SESSIONS COURT

KNIGHT, P. J., October 13, 1950.—Plaintiff, on May 10, 1950, filed in the common pleas court a petition for a declaratory judgment to determine the legality of an amendment to the zoning ordinance of Upper Moreland Township.

On June 5, 1950, the township filed an answer to the petition, raising questions of law. The answer avers that the court of common pleas has no jurisdiction to entertain the petition for a declaratory judgment because plaintiff has a complete remedy by appeal to the court of quarter sessions under the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §19092-1502.

On August 18, 1950, plaintiff presented a petition, asking that the petition for a declaratory judgment be transferred to the quarter sessions, and the caption amended to read, "Complaint as to the validity of a township ordinance". A rule was allowed on this petition, to which an answer was filed, denying the right to make the requested transfer, and asking that the rule be discharged and the petition dismissed. In this condition the record came before the argument court.

In effect, plaintiff asks us to transfer the case to the quarter sessions court, and treat the petition for a declaratory judgment as an appeal from the action of the Commissioners of Upper Moreland Township in passing the amendment to the zoning ordinance.

The trend of modern courts is to discourage technicalities and to encourage the hearing of causes on their merits. Modern pleading is designed to accomplish this purpose. It seems unfair to deny a litigant a hearing simply because he came into court through the wrong doorway. On the other hand, there must be some rules to govern proceedings in the courts, otherwise, we shall have procedural anarchy, and pleading will be reduced to writing a letter to the judge. It is highly important that a defendant be fully informed of the charges he will be called upon to answer before the bar of justice. To keep in step with the spirit of the age and, at the same time, be ever watchful not to stray too far from the marked and beaten path, are often difficult tasks.

An examination of the petition for a declaratory judgment shows that it contains the averments necessary for an appeal to the quarter sessions court. The reasons advanced against the legality of the ordinance are set forth, and attached to the petition is documentary evidence which petitioner contends supports the reasons. The petition was filed within 30 days of the effective date of the ordinance, as required by the Act of May 27, 1949, supra. In short, if this paper had been filed in the court of quarter sessions, it appears that it would have been in proper form, so far as procedure is concerned.

We would be inclined to order the case transferred to the proper court and to treat it as an appeal were it not for two obstacles.

The first obstacle is the provision in the Act of May 27, 1949, supra, sec. 31, that a complaint as to the legal-

ity of an ordinance "may be made to the court of quarter sessions upon entering into bond with sufficient security to be approved by the court to prosecute the same with effect and for the payment of costs . . . within thirty days after any ordinance . . . takes effect."

This means, we take it, that the entering into a bond is a condition precedent to filing a complaint. The legislature has declared that a complaint attacking the legality of an ordinance must be filed within 30 days from the effective date of the ordinance, and the courts have no power to extend or enlarge the time.

If we are right in holding that the entering of a bond is a condition precedent to filing a complaint, it would follow that we would have no power to permit the filing of the bond beyond the 30-day period; that is, to allow it to be filed nunc pro tunc.

The second obstacle is another provision of the Act of May 27, 1949, supra.

We are of the opinion that we should not allow this transfer if, thereby, defendant is in any way prejudiced.

The Act of May 27, 1949, supra, provides that if a complaint is filed in the court of quarter sessions attacking the legality of an ordinance, "The determination and the order of the court thereon shall be conclusive."

If we were to grant the prayer of plaintiff's petition, defendant would be deprived of its right of appeal from an adverse decision of this court. We have, therefore, come to the conclusion that this is a case in which the court must adhere to the rules and not be swayed by a desire to have the controversy heard on its merits. We take this view more readily because there are other methods available to plaintiff by which he may test the constitutionality of this ordinance.

And now, October 13, 1950, the rule to show cause why the case should not be transferred to the court of quarter sessions and plaintiff allowed to enter a bond nunc pro tunc is discharged.